# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **JOE HAND PROMOTIONS, INC.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | No.  6:26-CV-00010-LS |
| | § | |
| **VELASQUEZ & GERHARDT LLC,** | § | |
| **MANUEL VELASQUEZ PINZON,** | § | |
| **AND DIRK GERHARDT,** | § | |
| | § | |
| *Defendants.* | § | |

## ORDER GRANTING MOTION FOR SUBSTITUTED SERVICE AND EXTENSION OF TIME FOR SERVICE

Plaintiff Joe Hand Promotions, Inc., filed a motion requesting that it be allowed to serve Defendants Manuel Velasquez Pinzon and Dirk Gerhardt via substituted service.[1] Plaintiff also requests an extension of time for service. The Court grants the motions.

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[2] However, the court must extend the time for service if the plaintiff can show good cause for the failure.[3] Good cause for failure to timely serve a defendant "requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules

---

[1] ECF No. 6.
[2] Fed. R. Civ. P. 4(m).
[3] *Id.*

usually does not suffice.'"[4] Also, "some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance" is required.[5]

Plaintiff filed its complaint on January 8, 2026.[6] Thus, it has until April 8, 2026, to serve Defendants.[7] Plaintiff seeks an extra sixty days to serve Velasquez Pinzon and Gerhardt.[8] Plaintiff has shown good cause for an extension of time for service. The process server made seven attempts to serve Velasquez Pinzon at an address for him listed on the Bell County Appraisal District website.[9] Similarly, the process server made ten attempts to serve Gerhardt at an address for him listed on the Bell County Appraisal District website.[10] As Plaintiff has been diligent in attempting to serve Defendants, the Court find good cause to extend the service deadline.

Federal Rule of Civil Procedure 4(e) allows for an individual to be served by following state law for the state where the district court is located or where service is made.[11] The Texas Rules of Civil Procedure allow for substituted service "[u]pon a motion supported by a statement—sworn to before a notary or made under penalty of perjury—listing any location where the defendant can probably be found" and stating that either personal service or service by registered or certified mail has already been attempted.[12]

Plaintiff has provided an affidavit from a process server, listing an address where Velasquez Pinzon can probably be found and showing that multiple attempts at personal service

---

[4] *Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008) (quoting *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)).

[5] *Id.* (quoting *Lambert*, 44 F.3d at 299).

[6] ECF No. 1.

[7] Fed. R. Civ. P. 4(m).

[8] ECF No. 6 at 1.

[9] ECF Nos. 6-2, 6-3.

[10] ECF Nos. 6-4, 6-5.

[11] Fed. R. Civ. P. 4(e)(1).

[12] Tex. R. Civ. P. 106(b).

were made at the address.[13] Plaintiff also provided an affidavit from a process server listing an address where Gerhardt can probably be found and showing that personal service was attempted at the address multiple times.[14] Therefore, the requirements of Texas Rule of Civil Procedure 106(b) are satisfied, and the Court can authorize substituted service.

Plaintiff requests that substituted service be authorized to allow it to leave a copy of the summons and complaint with anyone over the age of sixteen at the addresses in question or by affixing a copy of the summons and complaint to the front doors of the addresses.[15] Rule 106 specifically allows for substituted service by leaving the documents with anyone over the age of sixteen at the address in question, or "in any other manner . . . that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit."[16] Texas courts have permitted substituted service by leaving a copy of the petition and summons on the front door of the defendant's residence.[17]

Therefore, the Court will permit substituted service on Defendant Manuel Velasquez Pinzon by either leaving a copy of the summons and complaint with anyone over the age of sixteen at the address 1907 Deer Field Way, Harker Heights, Texas 76548, or by leaving a copy of the summons and complaint affixed to the front door of that same address. The Court will permit substituted service on Defendant Dirk Gerhardt by either leaving a copy of the summons and complaint with anyone over the age of sixteen at the address 3803 Water Oak Drive, Killeen, Texas 76542, or by leaving a copy of the summons and complaint affixed to the front door of that same address. Plaintiff has until **June 8, 2026**, to complete service.

---

[13] ECF No. 6-3.
[14] ECF No. 6-5.
[15] ECF No. 6 at 6–7.
[16] Tex. R. Civ. P. 106(b).
[17] *See, e.g.*, *Pro-Fire & Sprinkler, L.L.C. v. The L. Co., Inc.*, 661 S.W.3d 156, 162 (Tex. App.—Dallas 2021, no. pet.).

**SO ORDERED**.

**SIGNED** and **ENTERED** on April 6, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**